Robin A. CROWDER,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–979A259.

Court of Appeals of Indiana,
First District.

Jan. 16, 1980.

John D. Clouse and Michael C. Keating, Evansville, for appellant.

Theo. L. Sendak, Atty. Gen., William E. Dailey, Deputy Atty. Gen., Indianapolis, for appellee.

RATLIFF, Judge.

This is an appeal from the Posey County Court wherein the appellant, Robin A. Crowder, was convicted, after court trial, of the offense of possession of less than thirty (30) grams of marijuana in violation of IC 35–48–4–11.

The facts, as revealed by the evidence most favorable to the State, are that shortly after midnight on July 2, 1978, Trooper Donald Jackson of the Indiana State Police stopped Crowder's automobile in Cynthiana, Posey County, Indiana, for a rear bumper height violation. The officer went to the car window on the driver's side and asked the driver, Crowder, for his driver's license. At this time, the officer observed a juvenile seated in the passenger's side of the front seat, and one Jeffrey Wilson in the back seat. Trooper Jackson also noticed a slight odor of marijuana in the vehicle, and observed the top of a clear plastic bag protruding from the top of the trousers of the juvenile seated to the right of Crowder. Crowder's eyes were slightly bloodshot, his clothing was disarranged, and his actions were nervous. Trooper Jackson then had the occupants remove themselves from the car and conducted a "pat down" search of the occupants and removed the plastic bag of marijuana from the juvenile's trousers. No marijuana was found on the person of Crowder or in Crowder's physical possession, and, in fact, the only marijuana found was the plastic bag in the trousers of the juvenile. Jackson examined the material in the plastic bag, and from his training and experience, knew that the material was marijuana. After advising the occupants of the car of their rights, the officer took the three persons to the Posey County Jail, and again advised Crowder of his rights and Crowder signed a waiver of rights form. Crowder then, in response to the officer's question as to whether he had been smoking, stated that he had had one joint. Crowder further stated to Trooper Jackson that he got the joint from the juvenile, that he did not know that the juvenile had the marijuana when the juvenile got into the car, that Crowder did not contribute any money toward the purchase of the marijua-

na, and that Crowder's total involvement was "just smoking one joint."

The rear seat passenger, Jeffrey Wilson, was called as a witness by the State. Wilson testified that while all three of the persons were in the car being driven by Crowder, and travelling from Lamies Grove in Vanderburgh County to Cynthiana in Posey County, the juvenile lit a "joint" which was already rolled, smoked some of it, and passed it back to Wilson who took a few puffs and then passed it back to the front seat. Wilson stated that Crowder may have smoked some of it, but that he wasn't sure. However, Wilson very clearly stated that all of the smoking of the joint of marijuana took place in Vanderburgh County, and that the smoking had been completely finished in Vanderburgh County at least five miles before they entered Posey County.

Crowder raises the following issues on appeal:

1. That the decision of the court was not supported by sufficient evidence in that:

(a) There is no evidence of either actual or constructive possession of marijuana by Crowder;

(b) There is no evidence that the substance was marijuana;

(c) There is no evidence that Crowder committed any offense in Posey County.

2. That the court erred in admitting certain evidence, in that:

(a) The evidence of possession of any marijuana was the result of an unlawful search and seizure;

(b) Crowder's statement that he had smoked marijuana was improperly admitted, there being no independent evidence of *corpus delicti.*

■ First, as to the plastic bag of marijuana removed from the trousers of the juvenile passenger, there is no evidence that this marijuana was in the actual possession of Crowder. In fact, all of the State's evidence is clearly to the contrary. The plastic bag was on the person of the juvenile, and there is no evidence that Crowder ever had it, and no marijuana of any description was found upon the person of Crowder.

■ Second, there is no evidence that would support the conclusion that the bag of marijuana was in the constructive possession of Crowder. An accused may be convicted of illegal possession of marijuana based upon constructive possession. *Martin v. State,* (1978) Ind.App., 372 N.E.2d 1194. Constructive possession has been defined as "the 'intent and capability to maintain control and dominion' over the substance." *Martin v. State, supra,* p. 1197. The ability to control necessary to establish constructive possession is the ability to reduce the substance to his personal possession or to otherwise direct its disposition or use. *Martin v. State, supra.* Further, in order for there to be constructive possession, the accused must have actual knowledge of the presence of the item. *Corrao v. State,* (1972) 154 Ind.App. 525, 290 N.E.2d 484.

In this case, there is no evidence that Crowder had actual knowledge of the presence of the plastic bag of marijuana in the trousers of the juvenile passenger, nor is there any evidence that Crowder had the ability to control the substance or to reduce it to his personal possession or to direct its disposition or use. There is a total lack of any evidence to meet the tests of actual knowledge of the presence of the substance and of intent and capability to maintain control and dominion over the plastic bag of marijuana.

■ It is also the law that mere presence in the vicinity or association with one having possession of drugs is not sufficient to sustain a conviction. *Martin v. State, supra.* And, as stated by the Third District of this court in *Corrao v. State, supra,* p. 488, quoting from *Petty v. People,* (1968) 167 Colo. 240, 447 P.2d 217, and *Feltes v. People* (Colo.1972), 178 Colo. 409, 498 P.2d 1128, 1131:

"* * * Similarly joint possession cannot be established by the fact that the defendant is or has been in the company of one having possession of the substance in the absence of an additional factor linking the defendant with it."

■ Here, the most that the evidence establishes as far as the plastic bag of mari-

juana is concerned is that Crowder was in association with or in the company of one having possession of the substance. This clearly fails to constitute constructive possession.

Since Crowder did not have either actual or constructive possession of the bag of marijuana, the only possible possession of marijuana by him, established by the evidence, was his smoking of a "joint", or part of one, in the car enroute from Lamies Grove in Vanderburgh County to Posey County. By the uncontradicted testimony of the State's witness, Jeffrey Wilson, all of the smoking of this joint was done in Vanderburgh County and was completed at least five miles prior to entry into Posey County.

■ Generally, criminal prosecutions must be brought in the county where the offense was committed.

IC 35–1.1–2–1 pertaining to venue in criminal actions provides:

"PLACE OF TRIAL—(a) Criminal actions shall be tried publicly in the county where the offense was committed, except as otherwise provided by law.

(b) If a person committing an offense upon the person of another is located in one county and his victim is located in another county at the same time of the commission of the offense, trial may be had in either of the counties.

(c) If cause of death is inflicted in one county and death ensues in another county, trial may be had in either of the counties.

(d) If the commission of an offense is commenced in one county and is consummated in another county, trial may be had in either of the counties.

(e) If the commission of an offense commenced outside Indiana is consummated within Indiana, the offender shall be tried in the county where the offense was consummated.

(f) If the commission of an offense commenced inside Indiana is consummated outside Indiana, the offender shall be tried in the county where the offense was commenced.

(g) If an offense is committed on any of the navigable waters bordering Indiana, trial may be had in the county opposite to the navigable water where the offense was committed.

(h) If an offense is committed upon any vehicle passing within Indiana, and it cannot readily be determined in which county the offense was committed, the offender may be tried in any county through which the vehicle passed. [IC 35–1.1–2–1, as added by Acts 1973, P.L. 325, § 1, p. 1750; 1978, P.L. 2, § 3520, p. 2.]"

■ The only possible exceptions which might be applicable to this case are related in subsections (d) and (h) of the foregoing statute relating to venue. However, neither of those exceptions applies, since the State's own evidence clearly established that the automobile was at all times in Vanderburgh County when any smoking of a marijuana cigarette by Crowder took place. Venue of a charge of possession of this cigarette, if that is the basis of the conviction in this case, was in Vanderburgh, not Posey County.

The State argues that Crowder waived the question of improper venue by not requesting a change or transfer of venue upon discovery that the smoking occurred in Vanderburgh County. The cases cited by the State in support of its contention of waiver of venue are *State ex rel. Dean v. Tipton Circuit Court*, (1962) 242 Ind. 642, 181 N.E.2d 230; and *Pund v. Pund*, (1976) Ind.App., 357 N.E.2d 257. However, these are civil cases where there is no obligation to establish venue unless venue be questioned by appropriate motion.

IC 35–1.1–2–6 provides:

"TRANSFER OF CASE TO PROPER COUNTY.—(a) When it appears, at any time before verdict or finding, that the prosecution was brought in an improper county, the court shall order that all the papers and proceedings be certified and transferred to the proper court of the proper county, and, where necessary, order the sheriff to deliver custody of the defendant to the sheriff of the proper county.

(b) Where a case is transferred under this section after a jury has been impaneled or the cause submitted, such jury may be discharged or submission set aside without prejudice to the prosecution. [IC 35–1.1–2–6, as added by Acts 1973, P.L. 325, § 1, p. 1750.]"

The foregoing statute places no burden upon the defendant in a criminal case to move for transfer for improper venue, but rather places the duty upon the court to cause the transfer. Here no such transfer was ordered by the court. The question of venue was not waived by Crowder for the reason that in a criminal case the State must prove venue by a preponderance of the evidence. *Sizemore v. State,* (1979) Ind.App., 384 N.E.2d 1152.

There was no evidence that Crowder ever possessed any marijuana in Posey County, Indiana, and the Posey County Court should have sustained Crowder's motion for acquittal at the close of the State's case. Therefore, we must reverse the judgment of the trial court. For this reason, we do not need to consider the other questions raised by Crowder's appeal.

The judgment is reversed with instructions to enter a judgment of acquittal.

ROBERTSON, P. J., and NEAL, J., concur.