# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**BART M. BETTEAU.**
Betteau Law Office, LLC
New Albany, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Mar 15 2012, 9:09 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CANON HARPER, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 10A01-1012-CR-687 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE CLARK SUPERIOR COURT
The Honorable Jerome F. Jacobi, Judge
Cause No. 10D02-0811-FA-378

**March 15, 2012**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

Canon Harper was charged with dealing in cocaine, possession of cocaine, dealing in a narcotic drug, and possession of a narcotic drug, all Class A felonies; two counts of resisting law enforcement, battery of a law enforcement officer, and possession of paraphernalia, all Class A misdemeanors; and maintaining a common nuisance, a Class D felony. Prior to trial, Harper filed a motion to suppress evidence, and the trial court denied his motion. Harper filed an interlocutory appeal, and this court affirmed the trial court's denial of Harper's motion to suppress.[1] A jury found Harper guilty on all counts. He raises several issues which we combine and restate as: 1) whether the trial court erred in admitting evidence seized from a law enforcement search; 2) whether the evidence is sufficient to support his possession convictions; and 3) whether the trial court's circumstantial evidence instruction constitutes fundamental error. Concluding the trial court did not err in admitting evidence, the evidence is sufficient to support his possession convictions, and the circumstantial evidence instruction did not give rise to fundamental error, we affirm.

## Facts and Procedural History

In November of 2008, Officer Jones and Officer Herrod of the Clark County Sheriff's Department noticed a vehicle without a license plate light. Before the officers could conduct a traffic stop, the vehicle pulled into the parking lot of a Bel-Air Motel and parked, so the officers followed and parked in the parking lot. Two men exited the vehicle. The passenger, Adrian Porch, was approaching a motel room, room 120, while carrying a bag that appeared to be a purse. The driver, Harper, stood near the driver's

---

[1] Harper v. State, 922 N.E.2d 75 (Ind. Ct. App. 2010), trans. denied.

door of the vehicle. Before Porch could enter the motel room, a woman inside, Chanel Brown, slammed the room door. Officer Jones asked Porch to return to the vehicle, grabbed the purse from him, and placed it on the hood of the vehicle. Officer Jones informed Harper of the reason he pulled in behind him, and Harper started his vehicle to check his license plate light.

Officer Jones asked Porch if he would consent to a search of his person, and Porch consented. Officer Jones then asked Porch and Harper who owned the purse, and both men responded they did not own it. Harper then stated an ex-girlfriend left it in his vehicle. Officer Jones asked if he could search the purse, and both men consented. Officer Jones opened the purse and discovered forty-eight grams of cocaine, thirty grams of heroin, scales, razor blades, and aluminum foil. Officer Jones placed Porch under arrest, and Officer Herrod attempted to place Harper under arrest. During his attempt, Harper physically resisted and forced Officer Herrod against the wall of the motel. Officer Herrod struck his head against the wall, and Harper began to flee on foot. He was apprehended before he could leave the parking lot.

Other officers then arrived, including Officer Mobley, who discussed the incident with the motel's manager. They discovered Harper had rented the motel room. Soon after, the manager terminated the rental of the room,[2] ordered its inhabitants to leave, and gave officers consent to search the room. Inside the motel room, Officer Mobley discovered approximately three grams of heroin and a coffee grinder, blender, razor blade, and flour sifter. Harper was charged with dealing in cocaine, possession of

---

[2] The parties entered agreed stipulations, one of which was the fact that the motel manager evicted the occupants of Harper's room after Harper's arrest.

cocaine, dealing in a narcotic drug, and possession of a narcotic drug, all Class A felonies; two counts of resisting law enforcement, battery of a law enforcement officer, and possession of paraphernalia, all Class A misdemeanors; and maintaining a common nuisance, a Class D felony. He was sentenced to an aggregate term of forty years in prison. Additional facts will be supplied as necessary.

## Discussion and Decision

### I. Admission of Evidence

#### A. Standard of Review

Trial courts have broad discretion regarding the admissibility of evidence. Kelley v. State, 825 N.E.2d 420, 424 (Ind. Ct. App. 2005). We therefore only reverse a trial court's ruling on the admissibility of evidence when the trial court abused its discretion. Id. An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and circumstances before the court. Id.

#### B. Search of the Purse

In response to Harper's argument that the warrantless search of the purse was unreasonable and in violation of Article 1, section 11 of the Indiana Constitution, the State contends the law of the case doctrine applies and any new argument by Harper is waived. "The law of the case doctrine mandates that an appellate court's determination of a legal issue binds the trial court and ordinarily restricts the court on appeal in any subsequent appeal involving the same case and relevantly similar facts." Hopkins v. State, 782 N.E.2d 988, 990 (Ind. 2003). A court may revisit its own prior decisions or those of a coordinate court, but courts should generally shy away from such review unless the initial decision was clearly erroneous and would work manifest injustice. Id.

4

After the trial court denied Harper's pre-trial motion to suppress evidence found in the purse seized from Porch, Harper and Porch appealed to this court, arguing the admission of such evidence violated both the Fourth Amendment of the United States Constitution and Article 1, Section 11 of the Indiana Constitution. We affirmed the trial court's denial, concluding neither Constitutional provision was violated because Harper and Porch consented to Officer Jones' search of the purse. Harper v. State, 922 N.E.2d 75, 80-82 (Ind. Ct. App. 2010), trans. denied. Harper now asks us to once again review whether the admission of evidence from the purse violates Article 1, Section 11 of the Indiana Constitution. To determine the reasonableness of a search and seizure under Article 1, Section 11 of the Indiana Constitution, we balance: "(1) the degree of concern, suspicion, or knowledge that a violation has occurred; (2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities; and (3) the extent of law enforcement needs." Litchfield v. State, 824 N.E.2d 356, 361 (Ind. 2005).

Our prior decision in this case was not clearly erroneous. We concluded that although the search of the purse was not reasonable, an exception to the search warrant requirement arose because both Porch and Harper verbally consented to the search of the purse. Harper, 922 N.E.2d at 81. The record substantiates the conclusion that the men consented. Thus, the law of the case doctrine applies; the trial court did not err in admitting evidence seized from the search of the purse.

### C. Search of the Motel Room

Harper next argues the trial court erred in admitting evidence from the motel room because the search of the motel room violated Article 1, Section 11 of the Indiana Constitution. This issue was not discussed in our prior opinion for this case. We have

5

previously held that a hotel room is a "home" for purposes of Article 1, Section 11 of the Indiana Constitution. Willis v. State, 780 N.E.2d 423, 428 (Ind. Ct. App. 2002). However, we need not conduct the balancing test for an Article 1, Section 11 determination because the manager of the motel evicted Harper immediately upon his arrest and then gave officers permission to search the room. Even if a search were unreasonable under Litchfield, it would not violate Article 1, Section 11 of the Indiana Constitution if the owner of the property gives voluntary consent to police officers to search the property. See Melton v. State, 705 N.E.2d 564, 566 (Ind. Ct. App. 1999) (stating "when an individual gives the State permission to search either his person or property, the governmental intrusion is presumably reasonable"). Thus, the evidence seized from the motel room was properly admitted.

## II. Sufficiency of the Evidence

### A. Standard of Review

Our standard of reviewing claims of sufficiency of the evidence is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. Boggs v. State, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), trans. denied. We do not reweigh the evidence or assess witness credibility. Id. We consider conflicting evidence most favorably to the trial court's ruling, and we will affirm the conviction unless no reasonable trier of fact could find the elements of the crime proven beyond a reasonable doubt. Id. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict, and a conviction may be based on circumstantial evidence alone. Id.

### B. Possession and Dealing Convictions

Harper argues insufficient evidence exists to support his convictions for dealing in cocaine, dealing in a narcotic, possession of cocaine, possession of a narcotic, and possession of paraphernalia.[3] Although Harper did not physically possess any of the contraband, an accused may be convicted of possession charges based upon constructive possession. White v. State, 772 N.E.2d 408, 413 (Ind. 2002). "Constructive possession will support a possession conviction if the State shows that the defendant had both the capability and the intent to maintain dominion and control over the contraband." Id. A defendant's intent and ability to maintain dominion and control over contraband can be inferred from the mere fact that the defendant had a possessory interest in the premises on which the contraband was found. Gray v. State, 957 N.E.2d 171, 174 (Ind. 2011). But if the possessory interest is not exclusive, additional circumstances must exist to show a defendant's intent to maintain dominion and control. Id. at 175. Our supreme court identified a non-exhaustive list of circumstances to consider:

> (1) a defendant's incriminating statements; (2) a defendant's attempting to leave or making furtive gestures; (3) the location of contraband like drugs in settings suggesting manufacturing; (4) the item's proximity to the defendant; (5) the location of contraband within the defendant's plain view; and (6) the mingling of contraband with other items the defendant owns.

Id.

As to Harper's convictions, he argues the evidence is insufficient to establish that he had the intent or ability to control the contraband both from the purse and the motel room. Harper acknowledges his possessory interests in the vehicle and motel room.

---

[3] Indiana Code section 35-48-4-1 provides the elements for the crimes of dealing in cocaine or a narcotic drug. The State must show the defendant knowingly or intentionally manufactures, finances the manufacture of, delivers, or finances the delivery of cocaine or a narcotic drug, or that he possessed cocaine or a narcotic drug with the intent to take one of those actions. Here, because the State's case proceeded under the theory that Harper possessed such contraband with the intent to take one of those actions, establishing that the defendant possessed or constructively possessed cocaine or a narcotic drug is a prerequisite to conviction.

With respect to contraband discovered in the purse, however, he argues the possessory interest rule does not apply if the contraband is under the direct control of a guest on the person's premises, citing Crowder v. State, 398 N.E.2d 1352 (Ind. Ct. App. 1980) for support. In Crowder, this court concluded Crowder did not have constructive possession of marijuana where a passenger in his car possessed marijuana in his pocket. Id. at 1355.

Unlike Crowder, where the passenger of the vehicle possessed the contraband directly on his person, here the contraband was not on Porch's person. Rather, the contraband was in a purse removed from Harper's vehicle. Further, although both men denied ownership of the purse, Harper claimed it belonged to an ex-girlfriend. Despite the fact that Porch carried the purse when getting out of the vehicle, it was not Porch's purse. Harper's possessory interest in the vehicle is sufficient to establish his constructive possession of the purse.

With respect to contraband discovered in the motel, Harper contends the possessory interest rule does not apply to possession of a premises where the possession is non-exclusive, citing Pier v. State, 400 N.E.2d 209 (Ind. Ct. App. 1980) for support. In Pier, this court concluded that because the defendant had been absent from his premises for forty-eight hours prior to the time marijuana was found on said premises and because other persons had access to the premises during that time, the evidence was insufficient to support a finding of constructive possession. Id. at 212. Unlike Pier, however, where the evidence established the defendant had been absent from his premises for forty-eight hours prior to when contraband was found, here, the evidence demonstrates otherwise. Harper checked into the motel room on November 11, 2008. Police officers discovered the contraband in the motel room later the same day. Further, despite Harper's absence

from the motel room when police officers arrived, Harper was in the act of returning to the motel room with additional contraband. The possessory interest rule still applies, and thus, the evidence sufficiently demonstrates Harper had constructive possession of the contraband discovered in the motel room.

### C. Maintaining a Common Nuisance Conviction

Harper next argues insufficient evidence exists to support his conviction for maintaining a common nuisance. To convict Harper of maintaining a common nuisance, the State was required to prove beyond a reasonable doubt that Harper "knowingly or intentionally maintain[ed] a building, structure, vehicle, or other place that [was] used one (1) or more times: . . . for unlawfully: (A) manufacturing; (B) keeping; (C) offering for sale; (D) selling; (E) delivering; or (F) financing the delivery of; controlled substances, or items of drug paraphernalia . . . ." Ind. Code § 35-48-4-13(b).

As discussed above, sufficient evidence was presented for the finder of fact to conclude Harper intended to maintain dominion or control of the contraband located both in the purse and the motel room. Further, the evidence revealed Porch and Harper were taking contraband to the motel room in Harper's vehicle and that contraband was being kept in Harper's motel room. The evidence supporting a conviction for maintaining a common nuisance was sufficient for a finder of fact to convict Harper of the offense for either the contraband delivered in the vehicle or the separate contraband kept in the motel room.

### III. Jury Instructions

Harper argues, for the first time, that the trial court erred in instructing the jury regarding circumstantial evidence. "Instructing the jury lies within the sole discretion of

9

the trial court, and considering the instructions as a whole and in reference to each other, we will not reverse an abuse of that discretion unless the instructions as a whole mislead the jury as to the law in the case." Carter v. State, 766 N.E.2d 377, 382 (Ind. 2002) (citing Edgecomb v. State, 673 N.E.2d 1185, 1196 (Ind. 1996)). Usually, failure to object to an instruction in a timely fashion results in the waiver of a challenge to the instruction upon appeal. Sanders v. State, 764 N.E.2d 705, 710 (Ind. Ct. App. 2002), trans. denied, cert. denied, 537 U.S. 916 (2002). However, waiver does not apply if the instruction constituted fundamental error. Id. Fundamental error occurs only if the error was so prejudicial to the rights of the appellant that he could not have had a fair trial. Id. at 710-11. "To rise to the level of fundamental error, the error must constitute a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process." Maul v. State, 731 N.E.2d 438, 440 (Ind. 2000) (quotation and citation omitted).

> Harper now objects, for the first time, to Final Instruction 7:

> Direct evidence means evidence that directly proves a fact, without an inference, and which in itself, if true, conclusively establishes that fact. Circumstantial evidence means evidence that proves a fact from which an inference of the existence of another fact may be drawn.
> An inference is a deduction of fact that may logically and reasonably be drawn from another fact or group of facts.
> It is NOT necessary that facts be proved by direct evidence. Both direct evidence and circumstantial evidence are acceptable as a means of proof. Neither is necessarily entitled to any greater weight than the other. You should give the greatest weight to the evidence which convinces you most strongly of its truthfulness. There is no requirement that the State present direct evidence. Furthermore, a guilty verdict may be supported by circumstantial evidence if it is sufficient to convince you beyond a reasonable doubt of guilt.

Appendix of Appellant at 214 (emphasis in original).

10

Harper raises several arguments regarding Final Instruction 7. First, he argues the capitalization of the word "not" in the last paragraph "unfairly stresses that direct evidence is not necessary for conviction." Brief of Appellant at 33. Second, he argues the statement "[n]either [direct nor circumstantial evidence] is necessarily entitled to any greater weight than the other" is incorrect. Id. Last, he contends an instruction regarding circumstantial evidence is in error if it does not include language stating "where proof of guilt is by circumstantial evidence only, it must be so conclusive and point so convincingly to the guilt of the Accused that the evidence excludes every reasonable theory of innocence." Id.

We cannot say Final Instruction 7 constitutes fundamental error. First, even if capitalizing the word "not" gives it emphasis, it does not change the meaning of the sentence. The meaning of the sentence is not in error, and we cannot say that this added emphasis resulted in an unfair trial. Second, Harper's argument about the statement concerning weight given to direct and circumstantial evidence is incorrect. In Samuels v. State, 505 N.E.2d 120, 124 (Ind. Ct. App. 1987), this court analyzed a portion of a jury instruction almost identical to the last paragraph in Final Instruction 7 and concluded it was not in error. We noted "[i]t is axiomatic that instructions which imply a particular perspective on matters of evidentiary weight and credibility invade the province of the jury" and that "[t]he instruction may well be drafted more clearly to inform the jury that neither type [of] evidence is necessarily entitled to more weight than the other. However, there was no error in giving the instruction, particularly when it was given with an instruction which bound the jury to link weight with persuasiveness as to truth." Id.

11

(emphasis in original). Final Instruction 7 is not in error. It properly assigns the role of determining evidentiary weight to the jury.

Last, regarding Harper's claim that an instruction stating the need for circumstantial evidence to exclude every "reasonable theory of innocence" should have been included, our supreme court recently reformulated our position on the use and language of this instruction. In Hampton v. State, 961 N.E.2d 480, 490 (Ind. 2012), our supreme court concluded "when the trial court determines that the defendant's conduct required for the commission of a charged offense, the actus reus, is established by circumstantial evidence, the jury should be instructed" with a requirement that proof "be so conclusive and sure as to exclude every reasonable theory of innocence." Id. at 491. In formulating this position, the court reasoned that requiring the instruction in cases where there is any direct evidence of the fact that a criminal offense has occurred would result in the instruction rarely being used, and requiring the instruction in cases where direct evidence is lacking for any single element would necessitate the instruction's use in almost all criminal cases because mens rea is often shown only by circumstantial evidence. Id. at 490-91. Thus, the court required the instruction's use when the trial court determines that the actus reus of a crime was established only by circumstantial evidence. Id. at 491.

"Direct evidence is '[e]vidence that is based on personal knowledge or observation and that, if true, proves a fact without inference or presumption.' Conversely, circumstantial evidence is '[e]vidence based on inference and not on personal knowledge or observation.'" Id. at 489 (quoting Black's Law Dictionary 636 (9th ed. 2009)). Here, the actus reus of each conviction was established by direct evidence, at least in part. As

12

to Harper's possession, dealing, and maintaining a common nuisance convictions, as discussed above, the State relied upon the theory of constructive possession in proving its case, which necessitates a showing that the accused have the capability and intent to maintain dominion and control over the contraband. The direct evidence presented included evidence of Harper's possessory interest in both the vehicle and motel room, which is sufficient to establish his constructive possession of the contraband, the actus reus of his possession and dealing convictions, and sufficient to establish Harper maintained a vehicle or other place at least once for the purpose of keeping, selling, or delivering controlled substances or items of paraphernalia, the actus reus of his maintaining a common nuisance conviction. As to Harper's resisting law enforcement and battery of a law enforcement officer convictions, Officer Jones testified that he observed Harper resist Officer Herrod's attempt to place him under arrest and the fight that ensued, during which Officer Herrod hit his head against the wall of the motel. This is direct evidence of the actus reus of Harper's convictions for resisting law enforcement and battery of a law enforcement officer. Thus, pursuant to Hampton, an instruction requiring the exclusion of every reasonable theory of innocence was not necessary. Further, Final Instruction 7 did not prevent Harper from having a fair trial and therefore does not constitute fundamental error.

## Conclusion

The trial court did not abuse its discretion in admitting evidence from the purse or motel room, the evidence is sufficient to support Harper's convictions, and Final Instruction 7 does not constitute fundamental error. We therefore affirm Harper's convictions.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.