## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 18 2015, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

---

APPELLANT PRO SE

CaNon Harper
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

CaNon Harper,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

September 18, 2015

Court of Appeals Case No.
10A05-1407-PC-343

Appeal from the Clark Circuit Court

The Honorable Daniel E. Moore, Judge

Trial Court Cause No.
10C01-1306-PC-10

**Brown, Judge.**

[1] CaNon Harper, *pro se*, appeals the denial of his petition for post-conviction relief. He raises several issues for our review, which we consolidate and restate as whether the post-conviction court erred in denying his petition for relief. We affirm.

## Facts and Procedural History

[2] The relevant facts as discussed in Harper's direct appeal follow:

> In November of 2008, Officer Jones and Officer H[a]rrod of the Clark County Sheriff's Department noticed a vehicle without a license plate light. Before the officers could conduct a traffic stop, the vehicle pulled in to the parking lot of a Bel-Air Motel and parked, so the officers followed and parked in the parking lot. Two men exited the vehicle. The passenger, Adrian Porch, was approaching a motel room, room 120, while carrying a bag that appeared to be a purse. The driver, Harper, stood near the driver's door of the vehicle. Before Porch could enter the motel room, a woman inside, Chanel Brown, slammed the room door. Officer Jones asked Porch to return to the vehicle, grabbed the purse from him, and placed it on the hood of the vehicle. Officer Jones informed Harper of the reason he pulled in behind him, and Harper started his vehicle to check his license plate light.
>
> Officer Jones asked Porch if he would consent to a search of his person, and Porch consented. Officer Jones then asked Porch and Harper who owned the purse, and both men responded they did not own it. Harper then stated an ex-girlfriend left it in his vehicle. Officer Jones asked if he could search the purse, and both men consented. Officer Jones opened the purse and discovered forty-eight grams of cocaine, thirty grams of heroin, scales, razor blades, and aluminum foil. Officer Jones placed Porch under arrest, and Officer H[a]rrod attempted to place Harper under arrest. During his attempt, Harper physically resisted and forced Officer H[a]rrod against the wall of the motel. Officer H[a]rrod struck his head against the wall, and Harper began to flee on foot. He was apprehended before he could leave the parking lot.

Other officers then arrived, including Officer Mobley, who discussed the incident with the motel's manager. They discovered Harper had rented the motel room. Soon after, the manager terminated the rental of the room, ordered its inhabitants to leave, and gave officers consent to search the room. Inside the motel room, Officer Mobley discovered approximately three grams of heroin and a coffee grinder, blender, razor blade, and flour sifter. Harper was charged with dealing in cocaine, possession of cocaine, dealing in a narcotic drug, and possession of a narcotic drug, all Class A felonies; two counts of resisting law enforcement, battery of a law enforcement officer, and possession of paraphernalia, all Class A misdemeanors; and maintaining a common nuisance, a Class D felony.

*Harper v. State*, 963 N.E.2d 653, 656-657 (Ind. Ct. App. 2012), *clarified on reh'g*, 968 N.E.2d 843, *trans. denied*.

[3] Six hours after Harper's arrest, Officer Jones completed a Probable Cause Affidavit on Warrantless Arrest. In the affidavit, Officer Jones stated that he was on routine patrol at approximately 6:30 p.m. when he saw a vehicle without a license plate light pass his police cruiser and turn in to the parking lot of the Bel-Air Motel. Officer Jones pulled into the parking lot and "observed two black males exit the vehicle which had pulled in front of Room 120." PCR Exhibit 17 at 21.

[4] During a deposition taken on March 6, 2009, Officer Jones stated that at approximately 6:30 p.m. on the day of Harper's arrest, he was on routine patrol when he noticed Harper's vehicle drive past his police cruiser and turn in to the parking lot of the Bel-Air Motel. According to Officer Jones, the license plate light on Harper's vehicle was not working, and no one could see the license

plate if the light was not working. Officer Jones pulled up behind Harper's vehicle and made contact with the two men who had just exited Harper's car. Harper was standing closer to the car and Porch was by the motel room door.

[5] On March 27, 2009, Harper filed a motion to suppress and argued that the police "exceeded the original scope of the 'stop' by seizing and subsequently searching the bag held by Mr. Porch." Appellant's Appendix at 57. According to Harper, the search and seizure of the bag violated both the state and federal constitutions. At the May 2009 suppression hearing, Officer Jones testified that he was on patrol when he observed Harper's car drive past his police car with a non-working license plate light. Officer Jones followed Harper in to the parking lot at the Bel-Air Motel. According to Officer Jones, Harper's vehicle was stopped, the officer pulled in behind it, and the "occupants were exiting the vehicle." PCR Exhibit D at 93.

[6] Following the hearing, the trial court denied Harper's motion to suppress. On interlocutory appeal of the denial, Harper and Porch[1] argued that the officers' investigative stop exceeded the boundaries imposed by *Terry v. Ohio*, 392 U.S. 1 (1968). Specifically, the gravamen of their argument was that after the officers showed them that the license plate light was not working, the purpose of the stop was complete, and the officers could not further detain the two men unless

---

[1] Harper and Porch filed a joint appeal of the denial of their motions to suppress evidence.

something occurred during the stop that generated the necessary reasonable suspicion to justify a further detention.

[7] This court, however, found *Tawdul v. State*, 720 N.E.2d 1211, 1217 (Ind. Ct. App. 1999), *reh'g denied, trans. denied*, to be instructive. There, we held that police have a limited right to briefly detain a passenger who exits the vehicle after it has been lawfully stopped to alleviate any concerns for officer safety. 720 N.E.2d at 1217. We further found that "simply because the driver may have been independently culpable for the traffic offenses, [it] does not entitle the passenger to simply exit the vehicle and walk away." *Id.*

[8] Applying *Tawdul* to the facts of the case, we found that it was not unreasonable for Officer Jones to briefly detain Porch after he legally stopped Harper's vehicle until he made an initial assessment of the situation. *Harper v. State*, 922 N.E.2d 75, 80 (Ind. Ct. App. 2010), *trans. denied*. We pointed out that Officer Jones testified that after he pulled up behind Harper and Porch, they were both already outside of the car. Harper stood next to the driver's side door, and Porch started walking toward the motel. Officer Jones made contact with Porch because he was carrying a bag, and the officer didn't know who was in the motel room or what Porch was doing. Officer Jones simply asked Porch to come back to the car, and Porch complied with the officer's request. The officer then took the duffle bag, placed it on the car, and explained to Harper and Porch that the license plate light was out. Based on this evidence, we concluded that Porch's brief detention was not unreasonably long or intrusive. *Id.*

[9] Harper and Porch also argued that after the traffic stop had been completed and they had confirmed that the license plate light was out, the subsequent search of the duffle bag was unreasonable. However, because Porch consented to the search of the duffle, he and Harper could not prevail because it is well established that consent is a valid exception to Fourth Amendment requirements. *Id.* at 81. We therefore affirmed the denial of the motions to suppress. *Id.* at 82.

[10] At the September 2010 trial, Officer Jones testified during direct examination that he made a traffic stop in the Bel-Air Motel's parking lot. Specifically, the officer explained that when he and Officer Harrod pulled up behind Harper's car, Harper and Porch had already exited the car, which was parked in front of room 120. Porch was walking towards room 120 with a bag in his hand, and Harper was standing by the front of the car. During cross-examination, Officer Jones testified that he never saw a passenger in the vehicle, that he did not recall actually seeing Porch physically exit the vehicle, that Porch had already exited the vehicle, and that Porch was walking toward the door, which was a short distance from the car. The officer also testified without objection that Porch told him that he was a passenger in Harper's vehicle.

[11] A jury convicted Harper of all counts, and the trial court sentenced him to forty years. *Harper*, 963 N.E.2d at 657. On direct appeal, Harper argued that the trial court erred in admitting evidence found in the purse because the warrantless search of the purse was unreasonable and violated the Indiana and United States Constitutions. We concluded however, that the law of the case

doctrine applied because we had previously found that an exception to the search warrant requirement arose when both Porch and Harper verbally consented to a search of the purse.[2] *Id.* at 658. We therefore concluded that the trial court did not err in admitting the evidence found in the purse. *Id.*

[12] Harper also argued that the trial court erred in admitting evidence from the motel room because the search of the room violated the state constitution. However, we found no error because the motel manager gave the officers consent to search the property. *Id.* We further found sufficient evidence of constructive possession of the contraband to support his convictions. *Id.* at 659. 660. Lastly, we found that the trial court did not err in instructing the jury on circumstantial evidence. *Id.* at 663.

[13] Harper filed a petition for post-conviction relief in June 2013 and an amended petition in February 2014. The post-conviction court held evidentiary hearings in April and May 2014, and denied Harper's petition with findings of fact and conclusions of law in July 2014.

## *Discussion*

[14] Before discussing Harper's allegations of error, we observe that the purpose of a petition for post-conviction relief is to raise issues unknown or unavailable to a

---

[2] "The law of the case doctrine mandates that an appellate court's determination of a legal issue binds the trial court and ordinarily restricts the court on appeal in any subsequent appeal involving the same case and relevantly similar facts." *Hopkins v. State*, 782 N.E.2d 988, 990 (Ind. 2003). A court may revisit its own prior decisions or those of a coordinate court, but courts should generally shy away from such review unless the initial decision was clearly erroneous and would work manifest injustice. *Id.*

defendant at the time of the original trial and appeal. *Reed v. State*, 856 N.E.2d 1189, 1194 (Ind. 2006). A post-conviction petition is not a substitute for an appeal. *Id.* Further, post-conviction proceedings do not afford a petitioner a "super-appeal." *Id.* The post-conviction rules contemplate a narrow remedy for subsequent collateral challenges to convictions. *Id.* If an issue was known and available but not raised on appeal, it is waived. *Id.*

[15] We also note the general standard under which we review a post-conviction court's denial of a petition for post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004); Ind. Post-Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Fisher*, 810 N.E.2d at 679. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* Further, the post-conviction court in this case entered findings of fact and conclusions thereon in accordance with Indiana Post-Conviction Rule 1(6). "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* In this review, we accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. *Id.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.*

[16] Lastly, we note that Harper proceeds *pro se*. A litigant who proceeds *pro se* is held to the rules of procedure that trained counsel is bound to follow. *Smith v Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*. One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all things an attorney would know how to accomplish. *Id.* When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

[17] We review claims of ineffective assistance of counsel under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that trial counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Moody v. State*, 749 N.E.2d 65, 67 (Ind. Ct. App. 2001), *trans. denied*.

[18] Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference on appeal. *Wrinkles v. State*, 749 N.E.2d 1179, 1195 (Ind. 2001), *cert. denied*, 535 U.S.1019 (2002). Counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. *Smith v. State*, 822 N.E.2d 193, 202 (Ind. Ct. App. 2005), *trans. denied*. We will not speculate as to what may or may have not been advantageous trial strategy as counsel should be

given deference in choosing a trial strategy which, at the time and under the circumstances, seems best. *Whitener v. State*, 696 N.E.2d 40, 42 (Ind. 1998).

[19] Harper claims that trial counsel was ineffective because trial counsel failed to (1) support a request to suppress evidence with "new facts" that Officer Jones did not see Porch exit Harper's vehicle; (2) challenge the veracity of the probable cause affidavit with these "new facts"; (3) cross-examine Officer Jones at the suppression hearing about whether he saw Porch exit Harper's car; and (4) argue that Officer Jones could not have reasonably believed that Harper had common authority or apparent authority over the purse to consent to the search of the purse because he did not see Porch exit the car. Appellant's Brief at 9.[3]

[20] At the outset, we note that Harper may not revisit the suppression of the heroin and cocaine evidence because this Court previously held that the suppression issues were governed by the law of the case. *See Harper,* 963 N.E.2d at 658. Cognizant that prior decisions cease to be law of the case where a new set of facts is established, *see Cutter v. State*, 725 N.E.2d 401, 405 (Ind. 2000), *reh'g denied*, Harper argues that when Officer Jones testified at trial that he did not see Porch exit the vehicle, the officer established a new set of facts, which are "diametrically opposed" to the prior ones. Appellant's Brief at 10. Harper continues that the establishment of these facts would have permitted trial

---

[3] To the extent Harper fails to cite authority or develop cogent argument on certain issues, these issues are waived. *See Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (holding argument waived for failure to cite authority or provide cogent argument), *reh'g denied, trans. denied*.

counsel to revisit these issues, and that trial counsel was ineffective for failing to do so.

[21] Our review of the evidence reveals that Officer Jones stated in the probable cause affidavit that he observed two black males exit the vehicle. In addition, during his deposition, Officer Jones testified that he pulled up behind Harper's car and made contact with the two men who had just exited it, and at the suppression hearing, the officer testified that the occupants were exiting the vehicle as he pulled in behind it, all of which supports an inference that Porch was a passenger in Harper's car.

[22] At trial, Officer Jones testified during direct examination that he made a traffic stop in the Bel-Air Motel's parking lot. Specifically, the officer explained that when he and Officer Harrod pulled up behind Harper's car, Harper and Porch had already exited the car, which was parked in front of room 120. Porch was walking towards room 120 with a bag in his hand, and Harper was standing by the front of the car. During cross-examination, Officer Jones testified that he never saw a passenger in the vehicle, that he did not recall actually seeing Porch physically exit the vehicle, that Porch had already exited the vehicle, and that Porch was walking toward the door, which was a short distance from the car. The officer also testified without objection that Porch told him that he was a passenger in Harper's vehicle. In addition, the evidence reveals that when Officer Jones encountered the men, they were near the vehicle that the officer had followed into the Bel-Air Motel parking lot. Harper was standing by the

driver's side door, and Porch was only a few feet away from the car, walking from the direction of the car to Room 120.

[23] Officer Jones' probable cause statement, deposition testimony, suppression hearing testimony, and trial testimony support an inference that Porch was a passenger in Harper's car. In addition, the location of the officer's car in relation to the Bel-Air Motel and Porch's location and movement to the motel room further support the inference that Porch was a passenger. We agree with the State that this inference is "borne out by the fact that Porch identified himself to Officer Jones as having been a passenger in Harper's vehicle – a fact related by Officer Jones in his deposition and again at the end of trial." Appellee's Brief at 14. Therefore, even if trial counsel erred in failing to revisit the suppression issue, there was no prejudice to Harper where Porch admitted that he was a passenger in Harper's car.

[24] Harper also argues that appellate counsel was ineffective for failing to raise these same issues on appeal. However, if trial counsel was not ineffective for failing to raise an issue, appellate counsel did not err in failing to raise the issue on appeal. *See Smith v. State*, 792 N.E.2d 940, 945 (Ind. Ct. App. 2003) (explaining that if trial counsel was not ineffective for failing to raise an issue, appellate counsel did not err in failing to raise the issue on direct appeal), *trans. denied*. We further note that a finding that Harper was not denied the effective assistance of trial counsel also establishes that the alleged error was not so prejudicial as to constitute fundamental error. *See Culver v. State*, 727 N.E.2d 1062, 1070 (Ind. 2000), *reh'g denied*.

## *Conclusion*

[25] For the foregoing reasons, we affirm the post-conviction court's denial of Harper's petition.

[26] Affirmed.

Crone, J., and Pyle, J., concur.