# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 20 2019, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Stacy Y. Hart
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Stacy Hart,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | September 20, 2019<br><br>Court of Appeals Case No.<br>18A-PC-2378<br><br>Appeal from the Vanderburgh<br>Circuit Court<br><br>The Honorable David D. Kiely,<br>Judge<br><br>Trial Court Cause No.<br>82C01-1605-PC-2580 |

**Altice, Judge.**

## Case Summary

Stacy Hart appeals the denial of his petition for post-conviction relief, claiming that the post-conviction court erred in ordering the matter to proceed by affidavit in lieu of an evidentiary hearing. Hart also claims that the post-conviction court erred in concluding that neither trial counsel nor appellate counsel was ineffective.

We affirm.

## Facts & Procedural History

The facts, as reported in Hart's direct appeal, *Hart v. State,* No. 82A01-0506-CR-236 (Ind. Ct. App. April 17, 2006), are as follows: On January 26, 2005, at approximately 4:00 p.m., Evansville police officers responded to a call at an apartment building at 1109 Covert Street reporting that Troy Duerson was causing a disturbance. The apartment building was in close proximity to Akin Park. There were outstanding arrest warrants for Duerson, who was described as a black male, about 5'5" tall.

Around 5:30 p.m., two of the officers noticed two black males matching Duerson's description in front of the apartment building. One of them, later identified as Hart, turned and looked to the marked police car before walking

quickly away. Officer Allen Gansman, who was driving the police car, cut across a grassy area to the apartment building's parking lot. By the time the officers had exited the patrol car, Hart was already running. The officers identified themselves as police and commanded Hart to stop. The officers ultimately found Hart lying down in a vehicle that was parked behind a nearby residence.

[5] Hart was arrested for resisting law enforcement and transported to the county jail. During the booking process, Officer Gansman found four pills in a plastic baggie in Hart's pants pocket. The pills were later identified as clonazepam, a Schedule IV controlled substance.

[6] Hart was charged with possession of a controlled substance within 1000 feet of a public park, a class C felony, and resisting law enforcement, a class A misdemeanor. During Hart's jury trial that commenced in April 2005, the State presented the testimony of Evansville's civil engineer, who had created a map depicting a boundary of a 1000-foot radius around Akin Park. It was determined that the apartment building where Hart was initially spotted was less than 1000 feet from the park.

[7] After the State presented its case-in-chief, Hart's counsel requested the trial court to "remove from the jury's consideration all evidence of the pills," arguing that the police lacked probable cause to arrest or chase Hart, thus constituting a violation of the Fourth Amendment and Article 1, Section 11 of

the Indiana Constitution. *Trial Transcript* at 118. The trial court denied the request.

[8] Hart testified on his own behalf, claiming that he "found" the pills in the backseat of the police car. *Trial Transcript* at128. Hart claimed that while his hands were handcuffed behind his back, he put the pills in his front pocket because he intended to sell them while he was in jail. Throughout the course of the trial, Hart maintained that he never possessed the pills until he discovered them in the police cruiser.

[9] Following the presentation of evidence, the jury was instructed, *inter alia*, that it was to give the benefit of the doubt to the defendant when considering evidence The jury was also instructed, in both the preliminary and final instructions, that possession of a controlled substance was a Class C felony if the controlled substance was within 1000 feet of a public park. The trial court went on to instruct the jury on the lesser-included offense of possession as a class D felony and informed it that the only difference between the two offenses was proximity to the park. *Supplemental Appendix Vol. II* at 15-17. Another final instruction informed the jurors that if the evidence was susceptible of two reasonable interpretations, they were to adopt that which supported Hart's innocence, and to reject the interpretation that pointed to guilt. Hart was found guilty on both offenses as charged and was subsequently sentenced.

[10] On May 12, 2016, Hart filed his initial petition for post-conviction relief, but made no allegations regarding a claim for relief. Thereafter, on January 10,

2018, Hart amended his petition, alleging that his trial counsel was ineffective for not raising a defense under Ind. Code § 35-48-4-16(b), i.e., that his possession of the drugs near the park did not fall within 1000 feet of the restrictive area. Hart also maintained that he received ineffective assistance of appellate counsel for failing to properly challenge the sufficiency of the evidence on the possession charge and for not raising trial counsel's failure to tender a "reasonable hypothesis of innocence" instruction. *PCR Appendix Vol. II at 20.*

[11] Thereafter, Hart filed a notice with the post-conviction court that he intended to proceed pro se, and the State subsequently filed a motion requesting to proceed by affidavit. The post-conviction court granted the State's motion that same day. Hart filed several requests for an evidentiary hearing or for the post-conviction court to reconsider its denial of Hart's previous requests for the issuance of subpoenas to various witnesses. The post-conviction denied those requests and found that Hart failed to submit any affidavits in support of his petition within the ordered deadline. Hart also did not make any claim that he sought to secure affidavits, and he did not contend that he was unable to secure such affidavits.

[12] On October 29, 2018, the post-conviction court denied Hart's request for relief after considering only the trial record. The post-conviction court's findings of fact and conclusions of law provided in relevant part that

> 13. Petitioner claims that the trial counsel was ineffective for failing to raise what Petitioner calls a "statutory defense" under Ind. Code 35-48-4-16(b).

14. At the time of Petitioner's offense date, Indiana Code 35-48-4-16(b), provided . . . that it was a defense to the possession of a controlled substance in or within 1,000 feet of a public park that the person was "briefly" in, or within 1,000 feet of the public park, and that 'no person under eighteen . . . years of age at least three . . . years junior to the person was in . . . or within one thousand feet of the . . . public park."

. . .

16. Petitioner has failed to present any evidence by way of affidavit of other means to show that his trial counsel should have made an argument under Indiana Code 35-48-4-16, or that counsel's failure to make such an argument was ineffective assistance of counsel.

. . .

23. Appellate counsel did make a sufficiency of the evidence [argument] as to Count 1 on direct appeal, which argument was rejected by the Indiana Court of Appeals.

24. As to Petitioner's allegation that appellate counsel should have challenged Petitioner's tendered jury instruction on reasonable hypothesis of innocence, . . . the court did cover the reasonable hypothesis of innocence and the State's burden of proof in Final Instructions B and C.

*Supplemental Appendix Vol. II at* 43, 51. Hart now appeals.

## Discussion and Decision

## I. Standard of Review

Defendants who have exhausted the direct appeal process may challenge the correctness of their convictions and sentences by filing a post-conviction petition. *Stevens v. State*, 770 N.E.2d 739, 745 (Ind. 2002). Post-conviction proceedings are civil proceedings, and a defendant must establish his claims by a preponderance of the evidence. *Hampton v. State*, 961 N.E2d 480, 491 (Ind. 2012). Because the defendant is now appealing from a negative judgment, to the extent his appeal turns on factual issues, he must convince us that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Stevens*, 770 N.E.2d at 745.

## II. Matter to Proceed by Affidavit

Hart claims that the post-conviction court erred in permitting the matter to proceed by affidavit, claiming the court was required to conduct an evidentiary hearing on his petition.

Indiana Post-Conviction Rule 1(9)(b) provides that

> In the event that petitioner elects to proceed pro se, the court at its discretion may order the cause submitted upon affidavit. It need not order the personal presence of the petitioner unless his presence is required for a full and fair determination of the issues raised at an evidentiary hearing.

The decision to proceed by affidavit is best left to the post-conviction court's discretion. *Smith v. State*, 822 N.E.2d 193, 201 (Ind. Ct. App. 2005), *trans. denied.* Thus, we will review a post-conviction court's decision to forego an

evidentiary hearing for an abuse of discretion. *Id.* "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, or actual deductions to be drawn therefrom." *McElfresh v. State*, 51 N.E.3d 103, 107 (Ind. 2016).

[17] Here, the post-conviction court ordered the matter to proceed by affidavit upon the State's motion, following Hart's decision to proceed pro se. Hart's motions requesting an evidentiary hearing acknowledged that evidence from trial and appellate counsel was necessary to establish his claims and that the failure to do so would allow the State and post-conviction court to infer their testimony would not have been in his favor.

[18] Hart did not specifically allege that an evidentiary hearing was necessary and how it would have assisted him in advancing his claims. Moreover, Hart did not assert that he would not have been able to obtain evidence from either counsel through affidavits to support his claims of ineffective assistance of counsel. Because Hart failed to demonstrate that an evidentiary hearing was necessary and how it would have benefited him, the post-conviction court did not abuse its discretion in ordering the matter to proceed by affidavit. *See Smith,* 822 N.E.2d at 201-02 (observing that that the post-conviction court properly determined that the matter could advance by affidavit when the petitioner made only general assertions that he was denied an opportunity to present unidentified witnesses in support of his ineffective assistance of counsel claim).

### III. Ineffective Assistance of Counsel

To establish a post-conviction claim alleging a violation of the Sixth Amendment right to effective assistance of counsel, a defendant must establish before the post-conviction court the two components set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). *Overstreet v. State*, 877 N.E.2d 144, 153 (Ind. 2007). First, a defendant must show that counsel's performance was deficient. *Overstreet*, 877 N.E.2d at 153. This requires a showing that counsel's representation fell below an objective standard of reasonableness and that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed to the defendant by the Sixth Amendment. *Id.* Second, a defendant must show that the deficient performance prejudiced the defense. *Id.* This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, meaning a trial whose result is reliable. *Id.* To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* Further, counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. *Id.*

#### A. Trial Counsel

Hart claims that his trial counsel was ineffective for failing to raise the statutory defense to the possession offense charged in I.C. § 35-48-4-16(b). Hart asserts

that his trial counsel should have argued that his possession of the drugs was outside of the 1000-foot radius of the park when he was initially observed and chased by police.

[21] The choice of a defense is a matter of trial strategy. *Id*. at 154. Trial counsel should be given deference in choosing a trial strategy which at the time and under the circumstances, seems best. *Bethel v. State*, 110 N.E.3d 444, 450 (Ind. Ct. App. 2018), *trans. denied*.

[22] Hart testified at trial admitting that he possessed the drugs <u>only</u> after he noticed them in the police car following his arrest. Indeed, Hart consistently maintained that he did not possess the drugs until after the arrest. Given Hart's own testimony regarding his possession of the pills, it was certainly a reasonable strategy for his trial counsel to forego a defense that would have conceded possession in or near the park. *See, e.g., Morgan v. State*, 755 N.E.2d 1070, 1076 (Ind. 2001) (holding that it is a reasonable strategic decision for trial counsel to forego inconsistent defenses).

### B. Appellate Counsel

[23] Hart claims that appellate counsel was ineffective for failing to challenge on direct appeal the trial court's refusal to give his tendered reasonable hypotheses

of innocence instruction, and that counsel failed to adequately challenge the sufficiency of the evidence.[1]

[24] The standard of review for claims of ineffective assistance of appellate counsel is the same as for trial counsel. *Hollowell v. State*, 19 N.E.3d 263, 269 (Ind. 2014). Additionally, ineffective assistance of appellate counsel claims fall into three primary categories: 1) the denial of access to an appeal, 2) waiver of issues, and 3) failure to present issues well. *Id*. at 270. To show deficient performance for failing to raise an issue, we will consider whether the unraised issue is significant and obvious from the face of the record and whether the unraised issue is clearly stronger that the raised issue. *Reed v. State* 856 N.E2d 1189, 1195 (Ind. 2006). The inadequate presentation of certain issues is the most difficult to advance because it requires the reviewing court to reexamine the specific issue it has already adjudicated and determine whether the new arguments would have made any marginal effect on the previous decision. *Hollowell*, 19 N.E.3d at 270. Moreover, courts are presumed to know and apply the law to cases they decide. *Conley v. State*, 972 N.E.2d 864, 873 (Ind. 2012).

---

[1] Hart alleges in his appellate brief that *trial* counsel was ineffective for not properly challenging the sufficiency of the evidence and that *trial* counsel was ineffective for not tendering a reasonable theory of innocence jury instruction. *Appellant's Brief* at 9. However, Hart's amended petition for post-conviction relief alleged that *appellate* counsel was ineffective for those reasons. The post-conviction court addressed the claims advanced in the amended petition. To the extent that Hart argues on appeal that his *trial* counsel was ineffective with respect to these issues, they are waived. *See Walker v. State*, 843 N.E.2d 50, 58 n.2 (Ind. Ct. App. 2006), *trans. denied* (holding that a claim of ineffective assistance of counsel on new grounds not raised in the post-conviction relief petition is waived and not available for appellate review).

[25] As for Hart's claim that his appellate counsel was ineffective for failing to raise the issue that the trial court erred in allegedly failing to properly instruct the jury on the reasonable hypothesis of innocence, the record reflects that the jury *was* so instructed. A portion of the trial court's final instructions provided that

> It is not necessary that facts be proved by direct evidence. Both direct evidence and circumstantial evidence are acceptable as a means of proof.

> Where proof of guilt is by circumstantial evidence only, it must be so conclusive and point so surely and unerringly to the guilt of the accused as to exclude every reasonable hypothesis of innocence.

*Supplemental Appendix Vol II* at 29, 30. Hart is not entitled to post-conviction relief on this basis.[2]

[26] As for Hart's claim that his appellate counsel was ineffective for failing to properly challenge the sufficiency of the evidence, Hart's counsel argued on direct appeal that the evidence was insufficient to support the conviction because the State failed to establish that he possessed the drugs within 1000 feet

---

[2] As an aside, we observe that even though the trial court provided such an instruction to the jury, it was not required to do so, inasmuch as our Supreme Court has determined that such an instruction is required only when the actus reus of the charged offense is established solely by circumstantial evidence. *Hampton*, 961 N.E.2d 480, 491 (Ind. 2012); *see also Harper v. State*, 963 N.E.2d 653, 661-662 (Ind. Ct. App. 2012) (holding that a reasonable theory of innocence instruction was not required where there was direct evidence of the defendant's possession in a vehicle and hotel room where contraband was located). In addition to the circumstantial evidence that was presented here, the State also introduced the testimony of the police officers establishing that Hart possessed the pills, and testimony of the city park planner and civil engineer regarding the location of the park and the 1000-foot restricted zone, and the area where Hart was seen and apprehended.

of Akin Park. In rejecting Hart's claim, this court concluded that Hart's argument was merely a request to reweigh the evidence and that "the jury was free to disbelieve Hart's self-serving testimony and draw a reasonable inference from the State's evidence that Hart possessed the [drugs] when the officers first saw him at [the apartment building] within 1000 feet of Akin Park." *Hart*, slip op. at 17.

Hart has merely reiterated the same contention here—as he did on direct appeal—that the State failed to show that he possessed the drugs prior to his arrest. That said, Hart has made no showing that his appellate counsel failed to adequately present a challenge to the sufficiency of the evidence, and we will not revisit the issue.

Judgment affirmed.

Kirsch, J. and Vaidik, C.J., concur.