## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 21 2017, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Grant County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin Thien,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 21, 2017

Court of Appeals Case No.
27A02-1705-CR-1088

Appeal from the Grant Superior
Court

The Honorable Jeffrey Todd,
Judge

Trial Court Cause No.
27D01-1506-F5-63

**Robb, Judge.**

# Case Summary and Issue

Following a jury trial, Kevin Thien was convicted of possession of a narcotic drug, a Level 5 felony, and possession of paraphernalia, a Class A misdemeanor. He was also found to be an habitual offender and was sentenced to a total of eight years imprisonment. Thien appeals his convictions, raising one issue for our review: whether the State presented sufficient evidence to support his convictions. Concluding there was sufficient evidence that Thein possessed a controlled substance and paraphernalia, we affirm.

# Facts and Procedural History

In June of 2015, then-Sergeant John Kauffman of the Marion Police Department was a supervisor for the Joint Effort Against Narcotics Drug Task Force in Marion, Indiana. While on duty on June 19, 2015, Sergeant Kauffman observed Thien driving a vehicle. Sergeant Kauffman knew Thien's driver's license was suspended and requested a uniformed officer initiate a traffic stop. Sergeant Chris Butche conducted the traffic stop in his marked patrol car. Sergeant Kauffman observed from an unmarked vehicle from behind and to the left of the stopped vehicles. Sergeant Kauffman saw Thien look into the driver's side mirror, and then move to his right, toward the passenger. A police canine came to the scene and indicated the odor of drugs. A blue box containing various items was recovered from Brittnie McDaniel, a passenger in Thien's car. McDaniel had the box concealed in her pants. The box contained a hypodermic needle, two hollow glass tubes with blackened

residue on the end stuffed with steel wool, and one white pill later identified as hydrocodone.

[3] McDaniel testified that she had just recently been released from jail and on the day of the stop, Thien had driven her to the probation department for an appointment. They were involved in an off-and-on romantic relationship. Sergeant Kauffman encountered them when they were on their way home from the probation department. When Thien noticed the police presence, he pulled a blue box out of a hidden compartment on the dash and asked McDaniel to hide it in her pants. Although she did not know what was in the box, McDaniel did as Thien requested because she was afraid of him. During the stop, when McDaniel was removed from the vehicle for questioning, she took the box out of her pants and gave it to police, stating it was Thien's and he had told her to hide it. A second passenger in the car, sitting directly behind McDaniel, testified that when they were pulled over by police, McDaniel asked Thien, "what do you want me to do with this container" and Thien replied, "I told you not to bring nothing with us." Transcript at 77. The passenger never saw the blue box.

[4] The State charged Thien with possession of a narcotic drug, a Level 5 felony due to an enhancing circumstance, and possession of paraphernalia, a Class A misdemeanor. The State also alleged Thien was an habitual offender. In phase one of Thien's trial, a jury found him guilty of possession of paraphernalia and possession of a narcotic drug, and in phase two, found an enhancing circumstance applied to elevate the possession of a narcotic drug conviction to a

Level 5 felony. Thien waived jury consideration of the habitual offender allegation; the trial court received evidence and determined he was an habitual offender. The trial court entered judgment of conviction on the verdicts and ordered Thien to serve concurrent sentences of four years for possession of a narcotic drug and one year for possession of paraphernalia, with the possession of a narcotic drug sentence enhanced by four years due to his habitual offender status, for an aggregate sentence of eight years. Thien now appeals his convictions.

# Discussion and Decision

## I. Standard of Review

[5] Thien argues the State presented insufficient evidence to prove he had constructive possession of the drugs or paraphernalia found in the blue box. When evaluating a sufficiency of the evidence claim, we consider only the probative evidence and reasonable inferences therefrom that are most favorable to the verdict. *Love v. State*, 73 N.E.3d 693, 696 (Ind. 2017). We do not assess the credibility of the witnesses for ourselves and we do not reweigh the evidence. *Id.* We will only reverse the convictions if no reasonable fact-finder could find the elements of the crimes proven beyond a reasonable doubt. *Id.*

## II. Constructive Possession

[6] Although Thien did not physically possess any of the contraband, he may still be convicted of possession based upon constructive possession. Constructive

possession will support a conviction if the State shows the defendant had both the capability and the intent to maintain dominion and control over the contraband. *White v. State*, 772 N.E.2d 408, 413 (Ind. 2002). A defendant's intent and capability to maintain dominion and control can be inferred from the fact that the defendant has a possessory interest in the premises in which the contraband is found. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). If the possessory interest is not exclusive, however, additional circumstances pointing to the defendant's knowledge of the presence and nature of the contraband must be shown, such as incriminating statements, attempted flight or furtive gestures, a setting suggesting drug manufacturing, the contraband's proximity to the defendant, the location of the contraband within the defendant's plain view, or the mingling of the contraband with other items owned by the defendant. *Id.*

[7]  Here, McDaniel testified Thien took the box out of a hidden compartment in his vehicle and handed it to her to hide in her pants. It is clear the jury believed McDaniel's version of events over the version presented by the other passenger, who testified McDaniel had the box all along, as she asked Thien what to do with it when they were pulled over. The jury is free to believe or disbelieve witnesses as it sees fit. *McClendon v. State*, 671 N.E.2d 486, 488 (Ind. Ct. App. 1996). Crediting McDaniel's testimony, as we must, there is sufficient evidence that Thien had knowledge of the presence and nature of the contraband because he had hidden it from view first in a compartment in the dash of his vehicle, and then by passing it to McDaniel to hide in a place police were unlikely to search. In addition, Sergeant Kauffman saw him lean toward the center of the

vehicle where that compartment was located, an action Sergeant Kauffman described as a movement that might indicate he was "trying to conceal or obtain something." Tr. at 9.

[8] That McDaniel had motive to lie about who the box belonged to because she risked violating her probation if she was found with illegal drugs was a theory presented to—and apparently rejected by—the jury. Thien's argument is essentially a request that we discredit McDaniel's testimony and reweigh the evidence in his favor, which we cannot do. *See Love*, 73 N.E.3d at 696. There was evidence that Thien had control of the box, reduced the box to his personal possession, and then directed its disposition by handing it to McDaniel to hide for him. This is sufficient to show constructive possession. *Cf. Crowder v. State*, 398 N.E.2d 1352, 1354-55 (Ind. Ct. App. 1980) (holding evidence insufficient to show driver's constructive possession of marijuana found in the pocket of his passenger when there was no evidence that driver ever had the bag in his possession, had knowledge of the presence of the bag in the pocket of his passenger, or had the ability to take it into his possession or to direct its use).

# Conclusion

[9] The State presented sufficient evidence to support Thien's convictions for possession of a narcotic drug and possession of paraphernalia. His convictions are affirmed.

[10] Affirmed.

Riley, J., and Pyle, J., concur.