# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**BART M. BETTEAU.**
Betteau Law Office, LLC
New Albany, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jun 11 2012, 9:53 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CANON HARPER, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 10A01-1012-CR-687 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE CLARK SUPERIOR COURT
The Honorable Jerome F. Jacobi, Judge
Cause No. 10D02-0811-FA-378

**June 11, 2012**

**OPINION ON REHEARING - FOR PUBLICATION**

**ROBB, Chief Judge**

Canon Harper has petitioned for rehearing of this court's decision in <u>Harper v. State</u>, 963 N.E.2d 653 (Ind. Ct. App. 2012), in which we affirmed Harper's convictions for dealing in cocaine, possession of cocaine, dealing in a narcotic drug, and possession of a narcotic drug, all Class A felonies; two counts of resisting law enforcement, battery of a law enforcement officer, and possession of paraphernalia, all Class A misdemeanors; and maintaining a common nuisance, a Class D felony. We held, <u>inter alia</u>, sufficient evidence existed to support Harper's convictions. We grant the petition for rehearing to clarify our conclusion that Harper constructively possessed the contraband that led to his convictions for dealing, possession, and maintaining a common nuisance. In all other respects, we reaffirm our opinion.

Harper contends insufficient evidence supported the conclusion that he constructively possessed contraband found in either his vehicle or motel room. "Constructive possession will support a possession conviction if the State shows that the defendant had both the capability and the intent to maintain dominion and control over the contraband." <u>White v. State</u>, 772 N.E.2d 408, 413 (Ind. 2002). He argues the evidence was insufficient to conclude he had either the requisite intent or capability to maintain dominion and control over the contraband. Pursuant to <u>Gray v. State</u>, 957 N.E.2d 171, 174-75 (Ind. 2011), under the possessory interest rule, a defendant's possessory interest establishes both the intent and capability to maintain dominion and control over contraband so long as the possession is exclusive. If such possession is not exclusive, a non-exhaustive list of circumstances was articulated in <u>Gray</u>, and other cases, for the court to consider in determining whether the defendant had the requisite intent.

2

Id. at 175. The capability to maintain dominion and control is established by a possessory interest even if it is non-exclusive. Id.

Here, we concluded, based on the possessory interest rule, Harper had constructive possession of contraband located both in a purse that was carried out of his vehicle and in his motel room. However, Harper did not have exclusive possession of either the vehicle or motel room, and thus, additional circumstances must be present to establish the intent prong of constructive possession. Based on the articulated factors in Gray and other cases, we still conclude Harper had the requisite intent to maintain dominion and control of the contraband, and, therefore, that Harper had constructive possession of the contraband.

One of the articulated factors is whether the defendant attempted to flee or made furtive gestures. Here, when an officer attempted to arrest Harper, Harper fled on foot. Once caught, he assaulted a police officer before he was apprehended. Another factor is the proximity of contraband to the defendant. Here, the contraband in the vehicle was in close physical proximity to Harper, and the contraband in the motel was discovered relatively soon after Harper checked into the room and not long after he left and came back with a friend. Sufficient evidence existed for a reasonable finder of fact to conclude Harper constructively possessed the contraband.

Accordingly, we again affirm Harper's convictions.

NAJAM, J., and VAIDIK, J., concur.