## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 18 2018, 7:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marlon Jackson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 18, 2018 <br><br> Court of Appeals Case No. 18A-CR-825 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable John Christ, Magistrate <br><br> Trial Court Cause No. 49G14-1603-F6-10184 |

**Robb, Judge.**

# Case Summary and Issues

[1] Following a bench trial, Marlon Jackson was convicted of possession of marijuana, a Class B misdemeanor. Jackson presents two issues for our review, both of which we addressed in detail in Jackson's prior interlocutory appeal. *See Jackson v. State,* No. 49A04-1701-CR-89 (Ind. Ct. App. Aug. 8, 2017). Having already addressed Jackson's arguments on interlocutory appeal, we apply the law of the case doctrine and affirm in all respects.

# Facts and Procedural History

[2] Around 10:00 p.m. on the evening of March 13, 2016, Officer Brian Zotz of the Indianapolis Metropolitan Police Department observed a vehicle driving backwards on 36th Street in Indianapolis. Officer Zotz assumed that the driver had missed a turn and watched the vehicle stop at a stop sign before proceeding, backwards, through the intersection. Concerned about heavy traffic and the vehicle's now rear-facing headlights, Officer Zotz initiated a traffic stop.

[3] Officer Zotz exited his vehicle and approached the driver, later identified as Jackson. During this time, Officer Zotz observed Jackson remove a ball cap and appear to place it on the floorboard of the vehicle. Officer Zotz made contact with Jackson and his passenger at the driver's side window. Officer Zotz stated Jackson was "leaning hard to his right with his arms and his body postured toward the center of the vehicle." Transcript, Volume II at 54. Jackson told Officer Zotz that a mechanical issue prevented the vehicle from

driving forward and that he was headed to his home on Rural Avenue, approximately a mile away.

[4] As Jackson attempted to locate his identification, he opened the vehicle's center console. From his vantage point outside the vehicle, Officer Zotz noticed a digital scale inside the console, which Officer Zotz knew from his prior training and experience to be commonly associated with the distribution of illegal drugs. Jackson and his passenger continued to reach around the floorboard area of the vehicle as Officer Zotz collected the vehicle's registration. Officer Zotz returned to his vehicle to run Jackson's information and requested a back-up officer who arrived shortly thereafter. Officer Zotz and a second officer approached Jackson and instructed him to exit the vehicle. Officer Zotz smelled the odor of raw marijuana on Jackson's person and subsequently conducted a pat-down search of Jackson's outer clothing for weapons. Officer Zotz returned to the vehicle in order to locate the digital scale and as he lifted Jackson's hat from the floorboard, he noticed a small amount of marijuana and marijuana seeds on the vehicle's floorboard.

[5] Jackson later admitted that he had marijuana in his pocket and Officer Zotz conducted a search of Jackson's person revealing a clear plastic bag containing what was later confirmed to be 7.13 grams of marijuana. Jackson was arrested and charged with possession of marijuana, a Class B misdemeanor.

[6] On July 25, 2016, Jackson filed a motion to suppress. After a hearing on November 3, the trial court denied Jackson's motion but certified its order for

interlocutory appeal. This court accepted jurisdiction on February 3, 2017. In his appeal, Jackson claimed the trial court erred by denying his motion to suppress as certain evidence was obtained in violation of his rights under the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution. In a memorandum decision issued on August 8, 2017, we held Officer Zotz possessed reasonable suspicion under both constitutional provisions and concluded the trial court properly denied Jackson's motion to suppress. *Jackson,* No. 49A04-1701-CR-89 at *2-4.

[7] The case proceeded to a bench trial on March 20, 2018. The trial court overruled Jackson's objections to the admission of the previously challenged evidence and found Jackson guilty of possession of marijuana, a Class B misdemeanor. Jackson was sentenced to sixty days in the Marion County Jail with fifty-two days suspended. Jackson now appeals.

# Discussion and Decision

[8] The law of the case doctrine is a discretionary tool. *Cutter v. State*, 725 N.E.2d 401, 405 (Ind. 2000). The doctrine allows "appellate courts [to] decline to revisit legal issues already determined on appeal in the same case and on substantially the same facts[,]" and it may be applied "only to those issues actually considered and decided on appeal." *Id*. (internal quotation marks omitted). The doctrine exists "to promote finality and judicial economy[,]" *id*., and applies to issues which were decided by an interlocutory appeal when the same claims are repeated on appeal from a completed trial, *Harper v. State*, 963

N.E.2d 653, 658 (Ind. Ct. App. 2012), *aff'd on reh'g*, 968 N.E.2d 843 (Ind. Ct. App. 2012), *trans. denied*.

[9] We considered and decided the issues presented here in Jackson's prior interlocutory appeal, holding Officer Zotz possessed reasonable suspicion when he conducted a traffic stop on Jackson's vehicle and the trial court therefore did not err in denying Jackson's motion to suppress. *Jackson,* No. 49A04-1701-CR-89 at *4. Jackson has not presented any new arguments or authority for reconsideration. Absent "extraordinary circumstances" or a showing the original decision was "clearly erroneous and would work a manifest injustice[,]" *Leatherwood v. State*, 880 N.E.2d 315, 319 (Ind. Ct. App. 2008), *trans. denied*, we apply the law of the case doctrine and decline to revisit the issues presented. Therefore, we affirm in all respects.

# Conclusion

[10] Having already considered and decided in Jackson's prior interlocutory appeal the issues presented here, we apply the law of the case doctrine and affirm in all respects.

[11] Affirmed.

Baker, J., and May, J., concur.