FILED

May 16 2019, 5:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steve Ferree,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

May 16, 2019

Court of Appeals Case No.
18A-CR-2327

Appeal from the Vigo Superior
Court

The Honorable Sarah K. Mullican,
Judge

Trial Court Cause No.
84D03-1703-F6-845

**May, Judge.**

Steve Ferree[1] appeals his conviction of Level 6 felony impersonation of a public servant.[2] He presents three issues for our review, which we restate as:

1. Whether the State presented sufficient evidence to convict Ferree of Level 6 felony impersonation of a public servant;

2. Whether fundamental error occurred when the prosecutor allegedly committed prosecutorial misconduct in addressing the jury; and

3. Whether fundamental error occurred when the trial court did not instruct the jury regarding the statutory definition of "law enforcement officer" for purposes of the impersonating a public servant statute.

We affirm.

# Facts and Procedural History[3]

On February 10, 2017, Ferree entered the Hamilton Center, which provides mental health services, and spoke with the executive director of the Center, Marybeth Dougherty. Ferree was wearing a jacket with the Vigo County Sheriff's Office logo on the front and the word, "Sheriff" on the back. This

---

[1] Ferree's given name is Steve Wilson. He changed his last name to Ferree sometime in the 1980s.

[2] Ind. Code § 35-44.1-2-6(b) (2016).

[3] We held oral argument on this matter on April 23, 2019, at Wabash College in Crawfordsville, Indiana. We thank the school for its hospitality and counsel for their able presentations.

jacket was not available for public purchase.[4] Ferree was not wearing a uniform, nor did he have a walkie-talkie, radio, or other "accompaniments on the belt . . . [such as] the gun on their side . . . handcuffs on the other side and . . . an extra magazine or a taser on the other side[.]" (Tr. Vol. II at 98.)

[3] Dougherty testified Ferree identified himself as "John Wilson" and "affiliated himself with the Vigo County Sheriff's Department." (*Id.* at 92.) She testified he "was requesting assistance for an inmate through Virgil Macke at the Vigo County Jail." (*Id.* at 99.) Dougherty asked Ferree for identification, and Ferree indicated he had left it in the car. Ferree did not return.

[4] Dougherty called the police to report Ferree's suspicious behavior, and the State subsequently charged Ferree with Level 6 felony impersonation of a public servant. The jury returned a guilty verdict, and the trial court entered a conviction accordingly. The trial court sentenced him to 1.5 years, with 180 days to be served in community corrections and the remainder of his sentence suspended.

# Discussion and Decision

---

[4] Ferree was not employed by the Sheriff's department at the time but had been a special deputy in the 1980s. The record indicates Ferree was a candidate for Vigo County Sheriff at the time of this incident.

# Sufficiency of the Evidence

[5] When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the fact-finder's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id*. To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the ruling. *Id*. We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the decision. *Id*. at 147.

[6] Our legislature has set forth the elements Level 6 felony impersonation of a public servant:

> (a) A person who, with intent to:
>
> > (1) deceive; or
> >
> > (2) induce compliance with the person's instructions, orders, or requests;
>
> falsely represents that the person is a public servant, commits impersonation of a public servant, a Class A misdemeanor, except as provided in subsection (b).

(b) The offense described in subsection (a) is a Level 6 felony if the person falsely represents that the person is:

   (1) a law enforcement officer; or

   (2) an agent or employee of the department of state revenue, and collects any property from another person.

Ind. Code § 35-44.1-2-6 (2016). Ferree does not dispute he gave Dougherty a false name and was wearing a Vigo County Sheriff's Office jacket; instead he argues Dougherty did not testify Ferree identified himself as a law enforcement officer as required by the statute.

[7] Ferree directs us to several points in Dougherty's testimony regarding her confrontation with Ferree. On direct examination, Dougherty testified:

   [State]:        Okay. Did he say who he was?

   [Dougherty]:He identified himself as John Wilson.

   [State]:        Okay. And did he say he was affiliated with anyone?

   [Dougherty]:He affiliated himself as a deputy with the Vigo County Sheriff's Department.

(Tr. Vol. II at 92.) During cross-examination, Dougherty again stated Ferree "identified himself as a deputy." (*Id*. at 99.) When asked to clarify what Ferree said, specifically whether Ferree indicated his name was "Deputy John

Wilson," Dougherty testified, "He identified himself as John Wilson with the Vigo County Sheriff's Department." (*Id.* at 101.)

[8] Later during cross examination, Ferree revisited the issue:

> [Defense]: And just to clarify, he said he was with the Sheriff's Office; he never said he was a deputy with the Sheriff's Office; is that right?
>
> [Dougherty]: As I recall, a deputy with the Vigo County Sheriff's Department.
>
> [Defense]: Okay. So he actually said he was a deputy. He didn't just say, my name's John Wilson with the Vigo County Sheriff's Office? He said, I'm John Wilson, I'm a Deputy with the Vigo County Sheriff's Office.
>
> [Dougherty]: Uh - he identified himself with the Vigo County Sheriff's Department.
>
> [Defense]: Okay. Well, I'm just trying to understand -
>
> [Dougherty]: Mmm huh.
>
> [Defense]: - because the details here are important and I'm -
>
> [Dougherty]: Mmm huh.
>
> [Defense]: - there's a difference between saying I'm a Deputy with the Vigo County Sheriff's Department, and I'm with the Vigo County Sheriff's Department; would you agree with that?

[Dougherty]: I wouldn't agree with that.

[Defense]: Okay. So you think that anybody who's with the Vigo County Sheriff's Department is a deputy?

[Dougherty]: In some, in some fashion.

[Defense]: Okay. They don't have support staff or volunteers or people that are with the Vigo County Sheriff's Department that aren't actual deputies?

[Dougherty]: Not that would present in that capacity.

[Defense]: Okay. Um, would it be fair to say you don't specifically remember if he said he was a deputy or not, just that he said he was with the Sheriff's Department?

[Dougherty]: I, I - the, the main thing I remember is that he identified himself with the Vigo County Sheriff's Department.

(*Id.* at 102-3.) On redirect, Dougherty admitted she could not remember whether Ferree said he was a "deputy with the Sheriff's Office" or "with the Sheriff's Office." (*Id.* at 105.) She agreed that her statement from the day of the incident would be a better recollection of her memory. In that statement, Dougherty told police Ferree "said he was John Wilson with the Vigo County Sheriff's Office." (App. Vol. II at 17.) Based on Dougherty's testimony, Ferree argues the State did not present evidence to prove he presented himself as a deputy sheriff and not just an employee of the Vigo County Sheriff's Office, and

thus the State did not prove he committed Level 6 felony impersonation of a law enforcement officer. We disagree.

[9] Ferree's argument is an invitation for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh evidence or judge the credibility of witnesses). The only reasonable interpretation of the totality of the evidence - Ferree's appearance; his request, which was commonly made by a law enforcement officer; the fact he gave a false name; and Dougherty's testimony that he identified himself as a deputy - is that Ferree impersonated a law enforcement officer. *See Poole v. State*, 559 N.E.2d 1214, 1216 (Ind. Ct. App. 1990) (evidence sufficient to convict Poole with impersonating a police officer based on his statement that he was an officer with the Indianapolis Police Department and requesting documentation consistent with that which an officer would seek upon sustaining an injury).

## Prosecutorial Misconduct

[10] Our standard of review regarding alleged prosecutorial misconduct is well-settled:

> In reviewing a claim of prosecutorial misconduct properly raised in the trial court, we determine (1) whether misconduct occurred, and if so, (2) "whether the misconduct, under all of the circumstances, placed the defendant in a position of grave peril to which he or she would not have been subjected" otherwise. *Cooper v. State*, 854 N.E.2d 831, 835 (Ind. 2006), *quoted in Castillo v. State*, 974 N.E.2d 458, 468 (Ind. 2012). A prosecutor has the duty to present a persuasive final argument and thus placing a

defendant in grave peril, by itself, is not misconduct. *Mahla v. State*, 496 N.E.2d 568, 572 (Ind. 1986).

"Whether a prosecutor's argument constitutes misconduct is measured by reference to case law and the Rules of Professional Conduct. The gravity of peril is measured by the probable persuasive effect of the misconduct on the jury's decision rather than the degree of impropriety of the conduct." *Cooper*, 854 N.E.2d at 835 (emphasis added) (citations omitted). To preserve a claim of prosecutorial misconduct, the defendant must - at the time the alleged misconduct occurs - request an admonishment to the jury, and if further relief is desired, move for a mistrial. *Id*.

*Ryan v. State*, 9 N.E.3d 663, 667 (Ind. 2014), *reh'g denied*.

[11] Failure to present a trial objection contemporaneous to the alleged misconduct precludes appellate review of the claim, *Booher v. State*, 773 N.E.2d 814, 817 (Ind. 2002), and Ferree offered no such objection. Such preclusion may be avoided if the alleged misconduct amounts to fundamental error. *Id*. To prevail on such a claim, the defendant must establish not only the grounds for prosecutorial misconduct but also the additional grounds for fundamental error. *Id*. at 818. To be fundamental error, the misconduct must have made a fair trial impossible or been a clearly blatant violation of basic and elementary principles of due process that presents an undeniable and substantial potential for harm. *Id*. at 817.

[12] Ferree argues the prosecutor engaged in misconduct by misrepresenting the law to the jury when he said that "Ferree's statement to Dougherty that he was 'with' the Vigo County Sheriff's Department was sufficient to prove he falsely

represented that he was a 'law enforcement officer.'" (Br. of Appellant at 15.)[5] As Level 6 felony impersonation of a public servant requires that the State prove Ferree falsely represented himself as a law enforcement officer, Ferree contends the prosecutor's statement that Dougherty's statement that Ferree was "with" the Vigo County Sheriff's Department satisfied that element was a misstatement of the law because

> sheriff's departments employ numerous people other than deputy sheriffs. They employ 9-1-1 dispatchers, paralegals, volunteers, administrative assistants, etc. A dispatcher working for the county sheriff, for example, would be considered a "public servant" but would not be considered a "a law enforcement officer."

(*Id.*)

[13]     However, as the State points out, Ferree takes the prosecutor's statement out of context. The entire statement was:

> Thank you Judge. When you guys come [sic] to the courthouse today, you had to go through the metal detector, and empty out all your pockets. You can't bring in certain things to the courthouse. One thing you can bring in though, is your common sense, and that's why you guys are here. All you have to do is use your common sense. You don't leave it at the door, you bring it here with you. When someone walks into Hamilton Center with a sheriff's jacket zipped up and says, either says, one, my name is Deputy John Wilson with the sher (sic.), Vigo County Sheriff's Office; or two (2), my name is John Wilson, I'm

---

[5] Ferree did not indicate where this statement appears in the record.

with the Vigo County Sheriff's Office, that right there says this guy's a law enforcement officer.

(Tr. Vol. II at 176-7.) We have held, "[w]hen determining whether an element of an offense has been proven, the jury may rely on its collective common sense and knowledge acquired through everyday experiences - indeed, that is precisely what is expected of the jury." *Clemons v. State*, 83 N.E.3d 104, 108 (Ind. Ct. App. 2017), *trans. denied*. Further, as part of its closing argument, the State may argue both law and fact, and "propound conclusions based upon his analysis of the evidence." *Poling v. State*, 938 N.E.2d 1212, 1217 (Ind. Ct. App. 2010). Thus, when taken in context, the statement is permissible and is not misconduct. *See id*. ("In judging the propriety of a prosecutor's remarks [for the purpose of determining whether misconduct occurred], the court considers the statements in the context of the argument as a whole.").

## Jury Instructions

[14] To preserve a claim of error in giving a jury instruction, trial counsel must timely object and clearly identify the "claimed objectionable matter and the grounds for the objection." *Scisney v. State*, 701 N.E.2d 847, 849 (Ind. 1998). Failure to timely object waives this issue for review. *Harper v. State*, 963 N.E.2d 653, 660 (Ind. Ct. App. 2012), *clarified on reh'g on other grounds*, 968 N.E.2d 843 (Ind. Ct. App. 2012), *trans. denied*. Ferree did not object at trial but argues the trial court committed fundamental error. The trial court commits fundamental error when it commits an error so prejudicial the defendant is precluded from receiving a fair trial. *Id*. Such error occurs only when a defendant's substantial

rights are affected; otherwise, it is harmless. *Lee v. State*, 964 N.E.2d 859, 863 (Ind. Ct. App. 2012), *trans. denied*.

[15] Impersonation of a public servant is elevated to a Level 6 felony when the person impersonates a law enforcement officer. Ind. Code § 35-44.1-2-6(b). At trial, Final Instruction No. 5 stated:

> The crime of Impersonation of a Law Enforcement Officer, a Level 6 felony, is defined by law in pertinent part as follows:
>
> A person who, with intent to deceive and/or induce compliance with the person's instructions, orders or requests, falsely represents that the person is a law enforcement officer, commits impersonation of a Law Enforcement officer, a Level 6 Felony.
>
> Before you may convict the Defendant, the State must have proved each of the following beyond a reasonable doubt:
>
> > 1. The Defendant Steve Ferree;
> >
> > 2. with intent to deceive and/or induce compliance with Defendant's instructions, orders or requests;
> >
> > 3. falsely represented to employees at the Hamilton Center, Inc.;
> >
> > 4. that Defendant was;
> >
> > 5. a law enforcement officer.

(App. Vol. II at 89.)

Ferree notes the jury instruction is nearly identical to the Indiana Pattern Criminal Jury Instruction 5.2320 (2016). However, Ferree directs us to the "Comments" section of that instruction, which indicates the term "law enforcement officer" is defined by Indiana Pattern Criminal Jury Instruction 14.2440, which states:

[(a.)] "Law enforcement officer" means:

(1) a police officer (including a correctional police officer), sheriff, constable, marshal, prosecuting attorney, special prosecuting attorney, special deputy prosecuting attorney, the securities commissioner, or the inspector general;

(2) a deputy of any of those persons;

(3) an investigator for a prosecuting attorney or for the inspector general;

(4) a conservation officer;

(5) an enforcement officer of the alcohol and tobacco commission;

(6) an enforcement officer of the securities division of the office of the secretary of state; or

(7) a gaming agent employed under IC 4-33-4.5 or a gaming control officer employed by the gaming control division under IC 4-33-20.

(b) "Law enforcement officer", for purposes of IC 35-42-2-1, includes an alcoholic beverage enforcement officer, as set forth in IC 35-42-2-1(b)(1).

(c) "Law enforcement officer", for purposes of IC 35-45-15, includes a federal enforcement officer, as set forth in IC 35-45-15-3.

(d) "Law enforcement officer", for purposes of IC 35-44.1-3-1 and IC 35-44.1-3-2, includes a school resource officer (as defined in IC 20-26-18.2-1) and a school corporation police officer appointed under IC 20-26-16.

The trial court did not give, nor did Ferree request, a jury instruction defining law enforcement officer. Ferree contends failure to give this instruction to the jury "left them free to believe the prosecutor's claim that anyone affiliated with the Vigo County Sheriff's Department was a law enforcement officer for purposes of the impersonating statute." (Br. of Appellant at 18.) Thus, Ferree asserts, the exclusion of the instruction constituted fundamental error. We disagree.

[17] As an initial matter, we note Ferree has waived this issue because he did not tender the instruction he now asserts should have been included. *See Ortiz v. State*, 766 N.E.2d 370, 375 (Ind. 2002) ("failure to tender an instruction results in waiver of the issue for review"). Waiver notwithstanding, we cannot find fundamental error in the trial court's failure to issue, *sua sponte*, an instruction outlining those individuals considered law enforcement because there was no substantial harm to Ferree. *See Spears v. State*, 811 NE.2d 485, 489 (Ind. Ct.

App. 2004) (fundamental error "must constitute a blantant violation of basic principles, the harm, or potential harm must be substantial, and the resulting error must deny the defendant fundamental due process"). As noted *supra*, the only reasonable inference the jury could make considering the totality of the evidence was that Ferree impersonated a law enforcement officer, and thus he did not suffer substantial harm. *See Dimmitt v. State*, 25 NE.3d 203, 207 (Ind. Ct. App. 2015) (when State presents sufficient evidence to prove defendant committed crime, the trial court's failure to *sua sponte* instruct the jury is not fundamental error), *trans. denied*.

# Conclusion

[18] We conclude the State presented sufficient evidence to prove Ferree committed Level 6 felony impersonation of a public servant, the prosecutor did not commit misconduct rising to the level of fundamental error, and the trial court did not commit fundamental error when it failed to *sua sponte* include a jury instruction regarding the statutory definition of law enforcement officer. We accordingly affirm.

[19] Affirmed

Riley, J., and Robb, J., concur.